## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SYDNEY MEINERT )
                                   )
        Plaintiff )
                                     )
v. )
                                     )   Case No.
AUTO-OWNERS (MUTUAL) INSURANCE )
COMPANY )
                                     )
        Defendant. )

## NOTICE OF REMOVAL

**COMES NOW** Defendant Auto-Owners Insurance Company ("Auto-Owners"), through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby gives Notice of the Removal of the matter styled *Sydney Meinert v. Auto-Owners (Mutual) Insurance Company*, Wyandotte County, Kansas, Case Number 20-CV-000609, from the District Court of Wyandotte County, Kansas to this Court on the basis of this Court's diversity of citizenship jurisdiction.

As grounds for Removal, Auto-Owners states as follows:

1.      Plaintiff Sydney Meinert filed her Petition in the District Court of Wyandotte County, Kansas on or about October 14, 2020, styled *Sydney Meinert v. Auto-Owners (Mutual) Insurance Company*, Case Number 20-CV-000609 (the "Wyandotte County Action").

2.      In her Petition, Plaintiff brings claims against Auto-Owners breach of insurance contract for underinsured motorist benefits to which she claims she is entitled under an insurance policy issued to her natural grandfather, Thomas Urban, as the result of an alleged August 2, 2018 multi-vehicle accident in Kansas City, Wyandotte County, Kansas. *See Pl.'s Pet.* ¶¶ 8-11, 18-20. (attached as **Exhibit 1**).

3.      As alleged in her Petition, Plaintiff is an individual who has at all relevant times resided in Wyandotte County, Kansas; therefore, she is domiciled in, and a citizen of, the State of Kansas. *See* Exhibit 1 at ¶ 1.

4.      Auto-Owners is a Michigan Corporation and its corporate headquarters and principal place of business is Lansing, Michigan; therefore, Auto-Owners is a citizen of Michigan pursuant to 28 U.S.C. § 1332(c)(1).

5.      In her Petition, Plaintiff alleges that she is entitled to the "full amount of UIM benefits" under the Auto-Owners policy issued to Mr. Urban.

6.      In her Petition, Plaintiff alleges that she is seeking breach of contract damages from Auto-Owners "*in excess* of $75,000," exclusive of interest and costs. *See* Exhibit 1 at ¶ 21 (emphasis added). Therefore, the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a) for removal on the basis of diversity. *See e.g., Marcus Food Co. v. DiPanfilo,* 671 F.3d 1159, 1171 (10th Cir. 2011).

7.      Because Auto-Owners is not a citizen of Kansas and the parties are citizens of different states, complete diversity of citizenship between the parties exists as required for removal pursuant to 28 U.S.C. § 1332.

8.      Because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, this case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as amended, and, therefore, is one that may be removed pursuant to 28 U.S.C. § 1441.

9.      The Kansas Commissioner of Insurance was served with the summons and petition in this matter via certified mail on November 5, 2020, which the Commissioner purportedly forwarded via certified mail on the same date to Auto-Owners' registered agent.  As of the filing

of this Notice, Auto-Owners is not aware of having received the summons and petition forwarded by the Commissioner of insurance. However, because this Notice of Removal is being filed less than 30 days after the earliest date that service of process could possibly have been received by Auto-Owners' registered agent, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1). *See e.g., Calderon v. Pathmark Stores*, Inc., 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000) ("the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent.")

10.     On November 16, 2020, Auto-Owners agreed to waive personal service of the summons and Petition and Plaintiff's counsel agreed to consider that date the date of service of process for determining the due date for responsive pleadings.

11.     Auto-Owners has not yet filed an Answer to Plaintiff's Petition.

12.     Under K.S.A. 60-212, Auto-Owners would have 21 days from the date it waived service of process, or until December 5, 2020 or, if service was through the Commissioner of Insurance, until no earlier than December 15, 2020, to file an Answer in the Wyandotte County Action. Therefore, Auto-Owners' Answer to Plaintiff's Petition is not yet due as of the date of its filing of this Notice of Removal.  And, pursuant to Federal Rule of Civil Procedure 81(c), Auto-Owners' Answer is due in this Court by December 5, 2020.

13.     Undersigned counsel certifies to the Court that Auto-Owners consents to removal of this case from the District Wyandotte County, Kansas to this Court.

14.     Promptly upon filing of this Notice of Removal, Auto-Owners will give written notice to all adverse parties and will file a true and correct copy of this Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas as required by 28 U.S.C. § 1446(d).

15.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as **Exhibit 1** is a true and correct copy of all process, pleadings and orders relevant to the Court's jurisdiction that, as the date hereof, have been received by Auto-Owners in the Wyandotte County Action.

16.     Pursuant to the provisions of 28 U.S.C. § 1441(a) and other applicable statutes, all of which Auto-Owners has complied with, this cause is removable to the United States District Court for the District of Kansas.

KNIGHT NICASTRO MACKAY, LLC

By:/s/ Derek H. MacKay
     Derek H. MacKay     KS #23213
     Brian M. Bartlett     KS #23524
304 W. 10th Street
Kansas City, Missouri 64105
Phone:  (816) 396-0161
Fax:      (816) 396-6233
Email:   mackay@knightnicastro.com
         bartlett@knightnicastro.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the on December 1, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system.  I further certify that a true copy of the foregoing was served via United States Mail, postage prepaid to:

Michael J. Wyatt
Samuel B. Schulte
MANN, WYATT & RICE, LLC
201 E. 1st Avenue
P.O. Box 1202
Hutchinson, KS 67504-1202
**ATTORNEYS FOR PLAINTIFF**

     /s/ Derek H. MacKay